**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| JAMES ROLLAND SWANSON, | ) |
| Plaintiff, | ) **No. 03:14-cv-00025-HU** |
| vs. | ) |
| JEB MORROW, an individual; KENNETH BUSHNELL, an individual; OZZIE GREGORIO, an individual; and the F/V HEIDI, a fishing vessel, home ported in Petersburg, Alaska, official number 227373; | ) **FINDINGS & RECOMMENDATIONS ON MOTION TO DISMISS** |
| Defendants. | ) |

_____

Gordon T. Carey, Jr.
1020 SW Taylor, Suite 375
Portland, OR 97205

    Attorney for Plaintiff

Daniel E. Russell
Russell Law Offices
P.O. Box 83122
Portland, OR 97283

    Attorney for Defendant Kenneth C. Bushnell

Ozzie Gregorio
P.O. Box 5494
Eureka, CA  95502

    Defendant appearing *pro se*

1 - FINDINGS & RECOMMENDATION

HUBEL, Magistrate Judge:

The plaintiff James Rolland Swanson brings this action under the Jones Act, 46 U.S.C. § 30104, seeking damages for personal injuries he allegedly sustained while working as a seaman on the fishing vessel "Heidi," which Swanson alleges was owned by the defendants Jeb Morrow, Kenneth Bushnell, and Ozzie Gregorio.* Currently before the court is the defendant Gregorio's *pro se* "Motion for Dismissal Claim not Legit Fraud." Dkt. #8.

In his motion, Gregorio claims that prior to the time of Swanson's injury, Gregorio had sold his interest in the Heidi to the defendant Bushnell. Gregorio claims that Bushnell "accept[ed] all responsibility" for Swanson's injury "due to operator error." *Id.*, p. 2. Gregorio attaches to his motion a copy of a Bill of Sale, and a Bill of Sale Addendum, which, on their face, evidence an installment contract for Bushnell's purchase of the Heidi from Gregorio. *See id.*, pp. 4 & 5.

In response, Swanson asserts Bushnell's purchase of the vessel was not complete, as evidenced by the installment contract itself. Swanson further argues the sale was never recorded in the records of the United States Coast Guard. Swanson attaches copies of various documents purporting to evidence Gregorio's legal ownership of the Heidi, as well as an "Agreement" dated April 3, 2012,

---

*In the caption of Swanson's Complaint, he spelled this defendant's name as "Gregario." *See* Dkt. #1, p. 1. However, in the body of the Complaint, he spelled the name "Gregorio." *See id.*, ¶ 5 *et seq.* The defendant himself spells his name "Gregorio." *See, e.g.*, Dkt. #8. The court directs the Clerk of Court to correct the spelling of the defendant's name on the docket to "Gregorio," and directs the parties to use the spelling "Gregorio" in all further filings in the case.

2 - FINDINGS & RECOMMENDATION

purporting to evidence Bushnell's return of possession of the Heidi to Gregorio. *See* Dkt. #15, pp. 3-16.

The court construes Gregorio's motion to dismiss as one for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). "As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion." *O'Connell-Babcock v. Multnomah County, Oregon*, No. 08-cv-459-AC, slip op., 2009 WL 1139441 at *4 (D. Or. Apr. 24, 2009) (King, J.) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). Although an exception exists for certain documents whose contents are alleged in a pleading and whose authenticity is unquestioned, but which are not attached to the pleading, that is not the case here. The contents of the documents presented by the parties in connection with Gregorio's motion are not alleged in the Complaint, nor is it clear that their authenticity is unquestioned.

The court, therefore, must either consider Gregorio's motion and Swanson's response without reference to any of their exhibits, or must treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d). Here, however, that distinction is one without a difference, because in either case, the motion fails.

If no reference is made to the parties' exhibits, then the scope of review is limited to the Complaint, which simply must state a plausible claim for relief. *See Gambee v. Cornelius*, No. 10-CV-6265-AA, 2011 WL 1311782 (D. Or. Apr. 1, 2011) (Aiken, C.J.) (discussing the standards for motions to dismiss). Swanson's Complaint meets this standard. Although Gregorio is entitled to

3 - FINDINGS & RECOMMENDATION

deny Swanson's claims in an Answer, and to defend against them in the action, his unsupported assertion that he did not own the Heidi at the time of Swanson's alleged injuries is not enough to prevail on a motion to dismiss.

If the court does consider the parties' exhibits, then it becomes clear that a genuine dispute exists regarding ownership of the vessel at the time of the alleged accident, precluding summary judgment. *See* Fed. R. Civ. P. 56(a).

Thus, whether considered as a motion to dismiss, or as a motion for summary judgment, Gregorio's motion must be denied, and the undersigned so recommends.

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **July 14, 2014**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **July 31, 2014**. By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 25th day of June, 2014.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

4 - FINDINGS & RECOMMENDATION