IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ROLLAND SWANSON,

                Plaintiff,                No.  03:14-cv-00025-HZ

     v.

JEB MORROW, an individual; KENNETH      ORDER
BUSHNELL, an individual; OZZIE
GREGORIO, an individual; and the F/V
HEIDI, a fishing vessel, home ported in
Petersburg, Alaska, official number 227373,

                Defendants.

HERNANDEZ, District Judge:

      Plaintiff James Swanson moves to strike Defendant Ozzie Gregorio's Answer and for an

entry of default. I grant the motion. A determination on damages will occur after consideration

of Plaintiff's relevant evidence at a hearing.

      Plaintiff made a similar default sanctions motion in June 2015 which I granted in part in a

July 8, 2015 Order. There, I recited the relevant procedural history of the case and discussed the

discovery requests that Plaintiff had served on Gregorio through Gregorio's then-counsel. July 8,

2015 Ord. at 1-4. I further discussed the governing law under Federal Rules of Civil Procedure

1 - ORDER

37(b)(2) and 37(d)(1)(A). <u>Id.</u> at 4. I concluded that sanctions were warranted under either rule. <u>Id.</u> at 4-5.

However, I rejected Plaintiff's request for a default because it was unwarranted under the relevant factors. <u>Id.</u> at 6-7. As I explained there, as of the July 8, 2015 Order, Gregorio had not been expressly warned that his failure to provide the requested discovery and make himself available for deposition could lead to his Answer being stricken and a default being entered against him. <u>Id.</u> at 7-8. And, while I found that Gregorio's conduct suggested deliberate obstruction, I stopped short of making a finding of willfulness on the record before me. <u>Id.</u> at 8. Finally, I concluded that lesser sanctions should be imposed before striking his Answer and entering an order of default. <u>Id.</u> I ordered Gregorio to pay Plaintiff's counsel for the time spent attempting to obtain the discovery, arranging the deposition, and in preparing the motions to compel discovery and seeking the default, as well as the related costs. <u>Id.</u>[1] I ordered Gregorio to produce the outstanding discovery and make himself available for deposition no later than July 23, 2015. <u>Id.</u>

After the July 8, 2015 Order was filed, I set a telephone hearing for July 22, 2015 because I learned that Gregorio's counsel desired to withdraw from his representation of Gregorio. At

---

[1] In ordering Gregorio to pay these fees and costs, I instructed Plaintiff's counsel to wait until the conclusion of the case against Gregorio and to then file a detailed statement, including an affidavit or declaration of counsel, establishing the amount of the fees and costs awarded in the July 8, 2015 Order. I also noted that if Plaintiff were forced to renew a motion for sanctions, the detailed statement should include the time spent by counsel on any renewed motion. July 8, 2015 Ord. at 9. For some reason, Plaintiff's counsel filed a separate motion for the attorney's fees he had already been awarded in the July 8, 2015 Order. ECF 86. Because the motion was unnecessary, I deny it as moot. However, at the conclusion of the case against Gregorio, I will consider the information presented in counsel's accompanying affidavit, ECF 87, and will issue an appropriate order regarding the fees at that time.

2 - ORDER

that hearing, I directed Gregorio's counsel to advise Gregorio of the pending dates and deadlines, and immediately file a motion to withdraw as attorney. ECF 89. The motion to withdraw was filed the next day and a telephone hearing on the motion was set for August 3, 2015. On the day of that hearing, Gregorio himself filed a motion to stay, motion to extend, and a motion for appointment of counsel.

Plaintiff's counsel, Gregorio's counsel, and Gregorio participated in the August 3, 2015 hearing. I granted Gregorio's counsel's motion to withdraw and confirmed that Gregorio's counsel had informed Gregorio of the pending deadlines and discovery requests. ECF 95. After listening to Gregorio, I denied his motion for appointment of counsel and his motion to stay the case. I granted his motion to extend time. Id. I requested that Plaintiff's counsel re-send the discovery requests to Gregorio. I also warned Gregorio that if he failed to timely comply with the discovery requests regarding outstanding written discovery as well his deposition, Plaintiff would move for a default. I confirmed that Plaintiff's counsel had Gregorio's correct address and phone number.

According to an email from Plaintiff's counsel received by my Courtroom Deputy on August 12, 2015, Gregorio agreed to settle the case by making two installment payments, the first on September 2, 2015 and the second on October 2, 2015.[2] Gregorio also agreed that if he failed to make the first payment, he must provide the discovery I previously ordered. If he also failed to provide the discovery, Plaintiff would move for a default. Finally, if he made the first payment but not the second, Plaintiff would move for a default. If both payments were made, Plaintiff would dismiss his claim against Gregorio.

---

[2] In a separate order, this email is made part of the record in this case.

3 - ORDER

Based on this email, I entered an order noting that the matter had settled and that as to Gregorio, would be fully resolved by October 2, 2015.  ECF 96.  I further ordered that final papers as to Gregorio be submitted by October 7, 2015, or alternatively that the parties file a status report if the matter was not fully resolved by October 2, 2015.  Id.

On September 10, 2015, Plaintiff renewed his motion for an order striking Gregorio's Answer and for entry of default as to Gregorio.  According to Plaintiff's counsel's accompanying Declaration, which includes information regarding the settlement agreement, Gregorio failed to make the first payment and failed to provide the previously-ordered discovery.  Carey Sept. 10, 2015 Decl. at ¶¶ 1, 2.  Plaintiff's counsel notified Gregorio by email on September 6, 2015, that if payment and discovery were not received by September 8, 2015, Plaintiff would move for default.  Id. at ¶ 2.  Gregorio failed to respond to the email, failed to make the payment, and failed to provide the discovery.  Id.

I need not repeat the controlling legal principles fully set out in my July 8, 2015 Order.  I add here that with that July 8, 2015 Order, Gregorio received express warning that his failure to provide the requested discovery and to make himself available for deposition could lead to his Answer being stricken and to a default judgment against him.  July 8, 2015 Ord. at 8.  Although I was unwilling to make a finding of willfulness in July, I warned Gregorio in my July 8, 2015 Order that if he failed to comply with the Court's Order, "the support for a willful or bad faith finding will be apparent."  Id.  As is clear from the events in this case, I have previously imposed lesser sanctions to no avail.  I also expressly warned Gregorio during the August 3, 2015 telephone hearing that his failure to comply with my order could result in a motion for default.

Gregorio was copied on Plaintiff's counsel's August 12, 2015 email to the Court regarding

4 - ORDER

settlement and made no objection to its accuracy.  He failed to respond to Plaintiff's counsel's

September 6, 2015 email warning him that a motion for default was forthcoming.  He has failed

to respond to the motion for default.

Based on the record in the case and the law as explained in my July 8, 2015 Order, I find

that Gregorio's failure to comply with the Court's previous orders is willful conduct and, as

previously explained in that Order, has caused prejudice to both Plaintiff and the Court.   Lesser

sanctions have proved ineffective.  Gregorio has received ample warning of the consequences of

his conduct.  Striking his Answer and entering an order of default are the only appropriate

sanctions at this point.

CONCLUSION

Plaintiff's motion for default [97] is granted.  The Clerk of the Court is instructed to strike

Gregorio's Answer [69] and to enter an Order of Default as to Gregorio.  The Court will schedule

a telephone conference with Plaintiff's counsel to set a date for a hearing on damages.   As noted

in Footnote 1, Plaintiff's motion for attorney's fees [86] is denied as moot.

IT IS SO ORDERED.

DATED this _____ day of _____, 2015.


MARCO A. HERNANDEZ
United States District Judge


5 - ORDER